# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LAMAR GARDNER, JR., | No. 2:19-CV-1432-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| VALLEJO POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (ECF No.1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Dennis Lamar Gardner, Jr. names the following as defendants: (1) the Vallejo Police Department, (2) the City of Vallejo, (3) Steve Darden, (4) Sean Kenney, (5) Hak, (6) Myer, and (7) Terrel.

According to plaintiff, on April 30, 2017, Vallejo Police Officer Steven Darden obtained an arrest warrant against plaintiff for a probation violation. Plaintiff alleges he was not on probation at the time the warrant was issued. On May 30, 2017, Vallejo Police Officer Sean Kenny, US Marshall Hak, DA Investigator Myer Solano, California Department of Corrections and Rehabilitation ("CDCR") Agent Terrel, were conducting a nearby sting operation. During this sting operation, they noticed plaintiff and arrested him. Plaintiff claims that the arresting officers hand-cuffed and hog-tied him.

Plaintiff also alleges that, during booking into Solano County Jail, his cellular phone was confiscated but not logged with the rest of his belongings. The charges stemming from the arrest were subsequently dropped; however, his cellular phone was never returned nor located. Plaintiff claims to have suffered a deprivation of his personal freedom and property.

## II. DISCUSSION

Plaintiff's complaint fails to state sufficient facts to support a cognizable 4th Amendment claim.

///

///

2

**A.  Causal Link**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

**1.  Defendants City of Vallejo & Vallejo Police Department**

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

///

///

3

As to the City of Vallejo and the Vallejo Police Department, plaintiff has failed to allege how the named defendants' personal conduct violated plaintiff's constitutional or statutory rights. There is no factual mention of either the City of Vallejo or the Vallejo Police Department in plaintiff's complaint, nor any description as to how they may be associated with the deprivation of plaintiff's rights. Plaintiff refers to being booked into Solano County jail after his arrest, but it is unclear if plaintiff is referring to a named defendant by a different name or is alleging that a non-named party is responsible for the loss of his property. There are no allegations that plaintiff's constitutional deprivations were the direct result of either of the named defendants' policies or procedures.

### 2.  **Defendant Steve Darden**

Plaintiff references that Darden was the originator of the warrant which lead to his arrest. However, plaintiff does not allege any misconduct on the part of Darden. There are no allegations that Darden acted maliciously or unreasonable in his handling of the warrant. Plaintiff makes no connection between the fact that Darden "put a warrant in the system" and the loss of his rights. ECF No. 1 at 3.

Because plaintiff fails to allege any facts indicating the manner in which these named defendants engaged in the alleged unconstitutional action, plaintiff has failed to satisfy the pleading standard for a cognizable § 1983 claim.

### B.  **Excessive Force by an Officer**

A claim of excessive force in the course of making a seizure of a person is analyzed under the Fourth Amendment's objective reasonableness standard. See Brooks v. Clark County, 828 F.3d 910 (9th Cir. 2016). In determining the reasonableness of force used to effect a seizure, governmental interests are balanced against the suspect's private interests by measuring the following factors: (1) severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of officers or others; (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight, and any other exigent circumstances that existed at the time of arrest. Id. at 920.

///

Here, plaintiff alleges that the defendants Sean Kenney, Hak, Myer, and Terrel used excessive force when they arrested him on May 30, 2017. Specifically, plaintiff states that these officers placed him in handcuffs and "hog-tied" him for the violation of parole and obstructing a peace officer. ECF No. 1 at 3. While this allegation lends support to the finding of a valid 4th Amendment claim, there remains an intolerably high level of uncertainty as to plaintiff's recounting of events. Plaintiff's complaint does not describe the individual conduct of any of the named officers, nor the degree to which they were involved in the plaintiff's arrest. It is not clear whether plaintiff means to suggest that all the named defendants actively participated in his arrest, or whether they were simply present at the scene. Also, the surrounding circumstances of plaintiff's arrest are left unclear. There is no recounting of the events leading up to plaintiff's arrest for a reasonable fact-finder to determine if excessive force was used. Lastly, it is uncertain from plaintiff's statement of facts whether he was restrained for resisting arrest or whether the warrant was issued for a previous instance of resisting arrest.

Plaintiff is advised that specific facts as to each individual defendant's causal role in the alleged constitutional deprivation are required to make a cognizable § 1983 claim. Vague and under-explained allegations of excessive force will not suffice.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

| | |
|---|---|
| 1 | If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the |
| 2 | conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See |
| 3 | Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how |
| 4 | each named defendant is involved, and must set forth some affirmative link or connection |
| 5 | between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d |
| 6 | 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). |
| 7 | Finally, plaintiff is warned that failure to file an amended complaint within the |
| 8 | time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at |
| 9 | 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply |
| 10 | with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). |
| 11 | See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981). |
| 12 | Accordingly, IT IS HEREBY ORDERED that: |
| 13 | 1.    Plaintiff's complaint is dismissed with leave to amend; and |
| 14 | 2.    Plaintiff shall file a first amended complaint within 30 days of the date of |
| 15 | service of this order. |
| 16 | |
| 17 | Dated:  October 4, 2019 |
| 18 | DENNIS M. COTA |
| 19 | UNITED STATES MAGISTRATE JUDGE |