1
2
3
4
5
6
7
8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  DENNIS LAMAR GARDNER, JR.,             No.  2:19-CV-1432-DMC-P

12              Plaintiff,

13       v.                                ORDER

14  VALLEJO POLICE DEPARTMENT, et al.,

15

16              Defendants.

17
        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to
18
42 U.S.C. § 1983.  Pending before the Court is plaintiff's first amended complaint (ECF No. 12).
19
        The Court is required to screen complaints brought by prisoners seeking relief
20
against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.
21
§ 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or
22
malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
23
from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,
24
the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain
25
statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This
26
means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d
27
1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the
28

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names seven defendants: (1) the Vallejo Police Department, (2) the City of Vallejo, (3) Vallejo Police Officer Steve Darden, (4) US Marshal Hak, (5) Solano DA Investigator Myer, (6) California Department of Rehabilitation Agent Terrel, and (7) Vallejo Police Officer Sean Kenney.

On April 30, 2017, defendant Darden, a Vallejo Police Officer, obtained an arrest warrant for plaintiff for violating his probation. Plaintiff, however, denies that he was on probation when the warrant was issued. On May 30, 2017, defendants Hak, Kenney, Myer, and Terrel were conducting a separate investigation when they recognized plaintiff at Dick Bass Field in Vallejo, California. Defendant Hak confronted plaintiff and informed him of the outstanding warrant for his arrest. Plaintiff denied being on probation as the warrant claimed. Nevertheless, plaintiff was arrested and placed in a "hog-tie" with his hands tied to his feet.

At the Vallejo Police station, plaintiff requested a property receipt for his belongings, but never received one. Plaintiff's cellphone was missing from the log of belongings during his booking at Solano County Jail, and he was held for five days without being charged. The charges against plaintiff were dismissed on May 3, 2017, because he was not previously on probation. Plaintiff's cellphone was never located nor returned to him.

Plaintiff claims his Fourth Amendment and Fourteenth Amendment due process rights were violated by being deprived of his freedom and property. Plaintiff also claims that defendants used excessive force during his arrest in violation of his Eighth Amendment rights. Additionally, plaintiff claims defendants' actions caused him to suffer extreme emotional distress.

## II.  DISCUSSION

**A.      Causal Connection**

### i. Defendants City of Vallejo and Vallejo Police Department

Plaintiff has failed to state a cognizable claim against either the City of Vallejo or the Vallejo police department (together referred as "municipal defendants").

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Additionally, municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or

practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Plaintiff fails to allege how the municipal defendants violated plaintiff's constitutional rights.  Plaintiff never mentions any factual allegations claiming the municipal defendants had implemented a policy or custom that deprived plaintiff of his constitutional rights. Plaintiff claims defendant Darden, as an employee of Vallejo Police Department, issued an improper warrant against him. However, plaintiff does not claim that Darden's conduct was in conformity to some official policy, custom, or practice of issuing meritless warrants. Similarly, plaintiff neither alleges that the municipal defendants implemented a policy of withholding plaintiff's property, nor explains how being detained in Solano County Jail was a violation of his due process rights by the municipal defendants.

    ii. Defendant Steve Darden

Plaintiff alleges defendant Darden issued the arrest warrant for probation violation despite plaintiff not being on probation.  However, plaintiff fails to allege specific misconduct by defendant Darden that led to the violation of plaintiff's constitutional rights.  Since plaintiff fails to allege facts indicating the manner in which defendant Darden engaged in alleged unconstitutional acts beyond merely issuing the warrant, plaintiff fails to state a cognizable claim under § 1983.

**B.**  **Excessive Force**

Plaintiff's complaint against defendants Kenney, Hak, Myer, and Terrel ("arresting defendants") also fails to state a cognizable excessive force claim.

A claim of excessive force in the course of making a seizure of a person is analyzed under the Fourth Amendment's objective reasonableness standard. See Brooks v. Clark County, 828 F.3d 910 (9th Cir. 2016). In determining the reasonableness of force used to effect a seizure, governmental interests are balanced against the suspect's private interests by measuring the following factors: (1) severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of officers or others; (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight, and any other exigent circumstances that existed at the time of arrest. Id. at 920.

Plaintiff alleges defendants Kenney, Hak, Myer, and Terrel used excessive force against him during his arrest at Dick Bass Field in Vallejo, California on May 30, 2017.  The allegation that plaintiff was "hog-tied" during his arrest possibly indicates a valid excessive force claim, but plaintiff fails to specify the names of liable actors. Plaintiff alleges defendant Hak approached him to inform him that the rest of the arresting defendants "intended to arrest" him. ECF 12 at 5.  Plaintiff proceeds to allege being "hog-tied" without referencing any individual's conduct, and then being transported to the police station by another unidentified officer. It is not clear whether plaintiff means to suggest that all arresting defendants actively "hog-tied" him, or whether they were simply present during his arrest. The circumstances of plaintiff's arrest are still unclear and further clarification is needed to determine whether a valid excessive force claim exists.

### III.  CONCLUSION

Plaintiff has elaborated upon the factual basis for his claims in his first amended complaint, but still only states vague associations between defendants and the constitutional violations he claims.  Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

///

///

///

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: June 10, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6